ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Ultra Electronic Ocean Systems, Inc. | )  ASBCA No. 62804 |
| | ) |
| Under Contract No. N66604-13-C-1026 | ) |

APPEARANCES FOR THE APPELLANT:   Thomas A. Lemmer, Esq.
    Phillip R. Seckman, Esq.
    Lisette S. Washington, Esq.
     Dentons US LLP
     Denver, CO

APPEARANCES FOR THE GOVERNMENT:   Craig D. Jensen, Esq.
     Navy Chief Trial Attorney
    Richard C. Dale II, Esq.
    Audra L. Medeiros, Esq.
     Trial Attorneys
     Naval Undersea Warfare Center
     Newport, RI

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTIONS TO DISMISS FOR LACK OF JURISDICTION AND AS MOOT

The government moves to dismiss, for lack of jurisdiction and as moot, this appeal from what appellant, Ultra Electronic Ocean Systems, Inc. (Ultra or UEOS), says is the government's November 16, 2020 default termination of its contract for torpedo system test sets.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On July 29, 2013, the parties contracted for Ultra "to design, manufacture, test, integrate and deliver [] hardware and software" for "a new [] torpedo system-level test set" (*see* R4, tab 1 at 1, 60). The contract incorporates by reference Federal Acquisition Regulation (FAR) 52.249-6, FAR 52.249-8, and FAR 52.249-9 (R4, tab 1 at 123).

On November 16, 2020, the contracting officer signed a letter dated November 13, 2020, bearing the title "Notice of Intent to Terminate for Default N66604-13-C-1026" (Notice of Appeal, ex. 1 at 1). In that document the contracting officer wrote that "[t]he purpose of this letter is to inform you that the Government considers [Ultra] to be in breach of the terms of the subject contract for failure to deliver the Technical Data

Package (TDP) defined in [the contract] by 08 September 2020" (*id.*). The contracting officer also wrote:

> [T]he Government considers the failure to deliver an acceptable TDP a breach of the awarded and revised terms and conditions of the contract. Therefore, *effective immediately* and in accordance with the default and termination subject contract clauses (FAR 52.249-6, 52.249-8, and 52.249-9), UEOS is notified that the Government *hereby exercises* its right to terminate the contract in whole.

(*Id.* at 4) (emphasis added) The contracting officer also wrote, "[a] formal contract modification including the terms and conditions of the termination for default will follow this letter" (*id.* at 5). Finally, the November 16, 2020 letter does not include any recitation of a contractor's appeal rights. Nowhere in any of its three motions briefs does the government mention or acknowledge that the November 16, 2020 document states that "effective immediately and in accordance with the default and termination subject contract clauses [] the Government hereby exercises its right to terminate the contract in whole."[1]

Ultra filed its notice of appeal on February 3, 2021, stating that it "appeals the termination for default decision," and "disagrees with the assertions in the Termination Notice that the Contract required the delivery of a complete [MK 710 Technical Data Package ('TDP')] by September 8, 2020, and that the TDP Ultra delivered contained significant deficiencies." Also on February 3, 2021, Ultra filed a motion requesting that the Board order the government to file the complaint in this appeal (app. mot. at 7).

On February 25, 2021, the government moved to dismiss the appeal for lack of jurisdiction, saying that its "November Notice of Intent to Terminate for Default does not, and cannot, constitute the 'final decision' necessary to bestow jurisdiction on the matter to the Board" (gov't mot. at 3). On March 23, 2021, the contracting officer issued a document titled "Notice of Termination for Default N66604-13-C-1026" that states, among other things, that (1) "[t]he following represents all facts pertinent to the claim

---

[1] Although the government filed a reply to Ultra's opposition to the government's second motion to dismiss, the government did not file a reply to Ultra's opposition to the government's first motion to dismiss, in which Ultra points out that the contracting officer's November 16, 2020 document states that "[E]ffective immediately and in accordance with the default and termination subject contract clauses FAR 52.249-6, 52.249-8, and 52.249-9), UEOS is notified that the Government hereby exercises its right to terminate the contract [Contract No. N66604-13-C-1026" (the "Contract")] in whole" (app. opp'n at 1 (emphasis and alterations in original)).

and the Contracting Officer's final decision"; (2) "the Government is left with no option but to terminate the contract for default"; (3) "[t]his is the final decision of the Contracting Officer"; and (4) "[y]ou may appeal this decision to the agency board of contract appeals," among other recitations of appeal rights (second gov't mot., attach. at 1, 16). Although the contracting officer states in the March 23, 2021 document that "the Government is left with no option but to terminate the contract for default," the text of the document does not specifically state that the contract is terminated for default as a result of the March 23, 2021 document (second gov't mot., attach. at 1, 18). Rather, the March 23, 2021 document includes phrases such as "CLIN 0006 *will be* terminated in full" (*e.g.*, *id.* at 13) (emphasis added).

On March 24, 2021, the government filed a second motion to dismiss the appeal for lack of jurisdiction, this time saying that the appeal is moot. Attached to the motion to dismiss as moot is the March 23, 2021 "Notice of Termination for Default" (second gov't mot., attach. at 1). In support of the second motion to dismiss, the government cites the "Conclusion" on page 7 of Ultra's February 3, 2021 motion for an order directing the government to file a complaint for the statement that "[i]n its Appeal, the singular relief sought by the Appellant is the issuance of a termination Final Decision/Complaint by the Agency/Contracting Officer that would '. . . properly focus the legal and factual issues . . .' of the Agency's proposed Termination for Default" (second gov't mot. at 2). However, the sentence from which the government quotes states "[a] Board order for the government to file the complaint in this matter would properly focus the legal and factual issues in this Appeal" (app. mot. for compl. at 7). Nowhere in its February 3, 2021 motion, much less in the conclusion to that motion, does Ultra state that it requests the issuance of a contracting officer's final decision.

In the government's March 24, 2021 motion, the government also represents that "[o]n March 23, 2021, the Agency, through its Contracting Officer, granted the relief sought by the Appellant" (second gov't mot. at 2).

DECISION

The government says that we lack jurisdiction to entertain the appeal because, according to the government, the November 2020 "notice of intent to terminate for default" is not a contracting officer's final decision. Our jurisdiction requires both a valid claim and a contracting officer's final decision on that claim. *See Parsons Gov't Servs., Inc.*, ASBCA No. 62113, 20-1 BCA ¶ 37,586 at 182,508. We conclude that the government terminated the contract for default on November 16, 2020, in the "notice of intent to terminate for default" that the contracting officer signed on that date, and which document we hold is a contracting officer's final decision. The statement in that November 16, 2020 document that "effective immediately and in accordance with the default and termination subject contract clauses [], UEOS is notified that the Government hereby exercises its right to terminate the contract in whole" has the characteristics of a

3

final expression of the government's position to terminate the contract for default, making it final and appealable. *See Ebasco Env't*, ASBCA No. 44547, 93-3 BCA ¶ 26,220 at 130,490.[2]  After all, the term "hereby" means "by this means" and "as a result of this." *Hereby*, OXFORD POCKET AMERICAN DICTIONARY OF CURRENT ENGLISH (2002).  Consequently, in stating that "the Government *hereby* exercises its right to terminate the contract," the government by that November 16, 2020 document, and as a result of that document, terminated the contract.

The absence of appeal rights in the November 16, 2020 contracting officer's final decision does not change this outcome, because the government's failure to include the notice of appeal rights in that document does not render an otherwise valid final decision invalid. *See Parsons*, 20-1 BCA ¶ 37,586 at 182,509.  Nor does the reference in that document to a future modification that would include "the terms conditions of the termination for default" change the outcome.  The termination for default itself was accomplished by the November 16, 2020 contracting officer's final decision, regardless of what "terms and conditions of the termination for default" a forthcoming modification might also impose.

We also disagree with the government's apparent position (*see* second gov't mot., reply at 2) that the appeal is not a challenge to the validity of the default termination. Ultra appealed from that termination on February 3, 2021, challenging the termination on its merits.  In the notice of appeal, Ultra expressly states that it "appeals the termination for default decision" and that it "disagrees with the assertions in the Termination Notice that the Contract required the delivery of a complete TDP by September 8, 2020, and that the TDP Ultra delivered contained significant deficiencies," which are the bases of the contracting officer's November 16, 2020 final decision terminating the contract for default.  Consequently, the appeal from that termination is at least an implicit request that the Board convert the default termination to one for the convenience of the government. Indeed, the contract incorporates by reference FAR 52.249-6, FAR 52.249-8, and FAR 52.249-9, which provide that if, after termination for default, it is determined that the contractor was not in default, the rights and obligations of the parties will be the same as if the termination was for the convenience of the government.  FAR 52.249-6(b); FAR 52.249-8(g); FAR 249-9(g).

The government also says the appeal is now moot because "the singular relief sought by Appellant is the issuance of a termination Final Decision/Complaint by the Agency/Contracting Officer that would '. . . properly focus the legal and factual issues . . .' of the Agency's proposed Termination for default" (second gov't mot. at 2). Ultra's request that the government file the complaint in this appeal does not withdraw

---

[2] Ultra cites *Ebasco* at page 4 of its opposition to the government's first motion to dismiss.  In deciding not to reply to that opposition, the government fails to address *Ebasco*.

4

the appeal or concede Ultra's challenge to the contract termination or the bases for that termination. Nor does the government's March 23, 2021 "notice of termination" extinguish the dispute between the parties; nowhere in that document does the government retreat from its November 16, 2020 termination of the contract for default. Moreover, Ultra has not represented to this Board that the issuance of a contracting officer's final decision would satisfy its appeal. Consequently, there is something left for us to adjudicate: namely, and at least, whether the termination for default is justified. *See generally CKC Sys., Inc.*, ASBCA No. 61025, 19-1 BCA ¶ 37,385 at 181,750 (describing parties' respective burdens in appeal from termination for default); *cf. American Best Constr. Co.*, ASBCA No. 62146, 19-1 BCA ¶ 37,450 (dismissing appeal as moot where government converted default termination to convenience termination).

For these reasons, we possess jurisdiction to entertain the appeal, which is not moot.

<u>CONCLUSION</u>

The government's motions to dismiss the appeal are denied.

Dated: June 17, 2021

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62804, Appeal of Ultra Electronic Ocean Systems, Inc., rendered in conformance with the Board's Charter.

Dated:  June 21, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals